## No. 343.

### MOSES LOEB & CO. vs. GODCHAUX & SILBERNAGEL.

1.  Where one creditor of a particular debtor sues another creditor of the same debtor, alleging that the former possessed himself unlawfully, and *against the debtor's protest,* of the goods of said debtor, rendering it impossible for the latter to pay the suing creditor's claim, held :

*a.* Such an action is not in the nature of a revocatory action.

*b.* Even if such a demand could be viewed as revocatory, it could not lie without an allegation of the liquidation by preceding judgment of the complaining creditor's debt, or without making such debtor party to the instant suit, for the purpose of such liquidating.

*c.* Until a debtor is put into insolvency, he controls his own property; the cause of action, therefore, upon the facts stated, resides solely in the debtor, directly injured, and not in any of the remaining creditors.

*d.* The proposition last stated applies, even where the complaining creditor alleges that the wrong-doer has thus possessed himself of the very property which formed the consideration of the debt, which such complainant is seeking to enforce.

*e.* The only remedy of a complaining creditor, in the case last supposed, would be to enforce his vendor's privilege, if existing, and in an action to which the debtor was made party.

2. No cause of action is vested in any one particular creditor.

3. Where A, contemplating selling to B, applies to C for information as to the solvency of said B, and C answered " he was good and honest;" such answer does not make of C a guarantor of the debt resulting.

4. No one can be compelled to respond, when applied to for information of this kind; but if he does speak, he must do so honestly. He is not however, held to extraordinary care or diligence in the matter of investigating, or in the explanation of his meaning.

5. It is, in such case, only necessary that he should speak honestly; he can be held only for fraud in the giving of his answers, and not for mere errors of judgment.

*Appeal from Civil District Court, Division D.   Rightor, J.*

*E. E. Moise* for plaintiffs, appellees.

*Bernard Titche and G. L. Hall* for defendants, appellants.

KELLY, J.—The material facts averred in the petition of the plaintiffs in this action are, in substance, that they are wholesale merchants of this City; that on or about the 6th of October, 1883, F. N. Wharton, a retail dealer of this City, in goods of the kind in which plaintiffs are wholesale dealers, applied to them to buy goods and became their customer; that, not knowing him, they applied to the firm of Godchaux & Silbernagel, of this City, for information touching his integrity and financial ability, and were told by them " that he was good and honest," " meaning," says the petition, " that he would act with mercantile honor towards petitioners and was able to pay for what

he purchased;" that, acting on the said representation of God-chaux & Silbernagel, they sold and delivered to said Wharton goods and merchandise, described in bills annexed to the petition, of the value of $165.77; that when said representations were made by Godchaux & Silbernagel, the said Wharton was indebted to them in the sum of $1200, which fact was un-known to petitioners, and that information thereof was withheld by the said firm.

That, thereafter, in January, 1884, "the said Godchaux & Sil-bernagel went to the store of said Wharton, themselves or by their clerks, agents, or employés, and took therefrom without judicial proceedings and *against the protest of said Wharton*, all of the goods, wares and merchandise in said store, including the goods sold by petitioners to said Wharton, as aforesaid, and which, to the value of $165.77, was at that time and still remains due, owing and unpaid, notwithstanding amicable demand on said Wharton; that said Godchaux & Silbernagel sold the said goods and appropriated the proceeds to their own use, including the goods *sold by petitioners to said Wharton*, which were and are still unpaid for, and that said Wharton is now and was, owing to the conduct of said Godchaux & Silbernagel, insolvent,"—by reason of which alleged facts, the petition claims that the firm of Godchaux & Silbernagel are responsible to the petitioners for the value of the goods sold by them to Wharton, and the relief prayed for is a money judgment in their favor against Godchaux & Silbernagel, for the amount of the bills of goods sold to Wharton, to-wit., one hundred and sixty-five dollars and seventy cents, and costs. Wharton was not made a party to the suit.

To this petition, Godchaux & Silbernagel excepted, on the ground that it disclosed no cause of action against them; which exception, after having been referred to the merits, was overruled in the Court below, and judgment rendered in favor of plaintiffs and against defendants for the sum of seventy dollars, interest and costs.

From this judgment the defendants have appealed and have

assigned here as error, apparent on the face of the record, the overruling of their exception of no cause of action.

The petition certainly does not state any cause of action of a *revocatory* character. It does not allege or ask for the setting aside of any fraudulent *contract* whereby property of their debtor, Wharton, was fraudulently or illegally transferred by him to Godchaux & Silbernagel; the averment is, that the property of Wharton, including that sold to him by petitioners, was taken possession of by Godchaux & Silbernagel, and sold, and the proceeds applied to their own uses, without judicial process *and against the protest of Wharton;* the averment is of a taking and conversion of the property of Wharton against his will, and tortious, as to him. Furthermore, if the action could possibly be considered as of the revocatory class, the petition—in that it neither avers that the claim against Wharton is liquidated by judgment nor seeks to have it liquidated by judgment *against him* in this action, to which he is not made a party—would be fatally defective.

Nor can the petition be considered as sufficiently stating a cause of action, entitling the petitioners to recover the amount of the debt alleged to be due them by Wharton, from Godchaux & Silbernagel, as sureties or guarantors of Wharton. Even an express promise to pay, or to be liable for the debt of another,— and no such promise is alleged by Godchaux & Silbernagel to the plaintiffs, to pay or be liable for the debt of Wharton,—will not support an action unless the alleged promise be in writing, signed by the party to be charged, or by his agent or attorney in fact thereto duly authorized in writing, of which there is no pretence in the present case.

Nor does the petition state that the goods were sold to Wharton, upon the credit of Godchaux & Silbernagel, nor upon any other representation by them to plaintiffs than the statement made in answer to plaintiffs' inquiry, that, in their opinion, Wharton was "good and honest;" a statement which does not necessarily bear the meaning imputed to it in the petition, and which, if it did bear that meaning, would not make the defendants liable to

the plaintiffs, as sureties or guarantors of the debt thereafter contracted by Wharton. Nor does the fact that the defendants, not being asked· (for it is not averred that they were), did not volunteer to inform the plaintiffs that they, themselves, had given credit to Wharton, in his business, to the amount of twelve hundred dollars, tend in any way to render them liable for the credit of one hundred and sixty-five dollars and seventy-seven cents thereafter given to Wharton by the plaintiffs. The fact that the defendants had themselves trusted Wharton to so large an extent, of itself shows, by their action, that they considered him good and honest, as the petition alleges they represented him to the plaintiffs to be.

The goods which were sold by the plaintiffs to Wharton, though sold on credit, became the goods of Wharton, from the time of the sale, subject in his hands to the vendor's privilege in favor of the plaintiffs. The petition avers that the goods were, without judicial process and against the protest of Wharton, taken possession of and sold and the proceeds converted to their own use by Godchaux & Silbernagel. Taking these averments, for the purposes of the exception, to be true, they do not state a cause of action entitling the plaintiffs to recover of the defendants, either the goods sold and delivered to Wharton, or the proceeds or the value of those goods. Whatever right of action could arise from the alleged tortious taking and conversion of the goods of Wharton would be in Wharton, and not in the vendors of the goods to Wharton. To any action by such vendors to enforce, against the property sold or its proceeds alleged to have passed into the possession of third persons, a vendor's lien and privilege to secure the debt alleged to be due by Wharton to the vendors for the price of the goods, Wharton would be an indispensable party; and he is not made a party by the petition excepted to.

In no aspect of the case stated by the petition does there appear to be any legal ground to entitle the plaintiffs to the recovery prayed for, or to any recovery of the defendants; and it is therefore considered that the judgment appealed from is erro-

neous, in overruling the exception of no cause of action, and consequently erroneous in all other respects.

Wherefore, it is ordered, adjudged and decreed that the judgment appealed from herein be reversed and avoided, and that there be judgment here in favor of the defendants and appellants, Godchaux & Silbernagel, and against the plaintiffs and appellees, Moses Loeb & Co., that the exception of no cause of action be maintained and the suit be dismissed; and that the plaintiffs and appellees be condemned to pay all costs of both Courts.

## On Application for Rehearing.

McGloin, J.—Plaintiffs' petition presents a double cause of action. In the first place, they seek judgment upon the allegation that one Wharton applied to said petitioners to "buy goods of them and become their customer; that not knowing Wharton, they applied to the firm of Godchaux & Silbernagel * * for information touching the integrity and financial ability of said Wharton to pay for the goods he might purchase and were told by said firm that he was honest and good—meaning that he would act with mercantile honor towards petitioners and was able to pay for what he purchased; * * that acting on the representations of said Godchaux & Silbernagel, they sold and delivered to said Wharton goods and merchandise; * * that at the time the said representations were made by said Godchaux & Silbernagel, the said Wharton was indebted to them in the sum of $1200, which was unknown by petitioners and information thereof withheld by said firm," etc.

We do not pretend to declare that a party is not liable who, when applied to for information as to the standing and integrity of another, knowing that this application is for the purpose of determining whether credit shall be given or not by the applicant, gives wilfully and with fraudulent intent, a false and deceiving response, upon the faith of which the enquirer acts to his prejudice.

No one can be compelled to express any opinion when thus applied to, but if he does undertake to speak, he should do so honestly. But even where the party interrogated undertakes to answer, he is not to be held in any way for error in judgment or opinion, provided only he has spoken what he truly thought or considered at the moment. Nor is he, in general, bound to extraordinary care or diligence in the matter for the purpose of investigating, or of elaborate explanation. The imposition of responsibility for error, in cases such as this, no matter whether in good faith or not, would be to make parties suffer unreasonably who were seeking only to render a charitable service.

The very foundation of such an action, therefore, is fraud upon the part of the person who has given the information acted upon. Therefore it is that the cases relied upon by the learned counsel for plaintiffs all speak of "fraudulent misrepresentations," or "fraudulent suppressions of the truth "

Now fraud is never presumed, and if it is to be proven, it must be alleged. Where a party omits to charge his opponent specifically with fraud, there is a tacit admission of good faith. We look in vain for any allegation in this petition charging that the defendants in this case acted with fraudulent intent when they responded to the inquiries addressed to them concerning the solvency, etc., of Wharton. On the contrary, it is particularly alleged in another portion of this petition, that the insolvency of Wharton was occasioned by subsequent actions of the defendants, which actions we are hereafter to consider. This allegation is, after reciting said acts, that " said Wharton is now and was, *owing to the conduct of said Godchaux & Silbernagel,* insolvent," etc.

Now, to allege that Wharton was rendered insolvent by subsequent events is to allege that he was in fact solvent at the time of the inquiry and response which are made the basis of the first complaint.

So it is alleged that the wrong which is complained of against defendants in this case, as being the cause of Wharton's insolvency, was accomplished "against the protest of said

Wharton." Surely this is an intimation that Wharton did not participate in this alleged wrong, or acquiesce in any way therein at the moment of its execution, or in other words, that he acted with fairness and honesty, at least, at the moment when his goods were being taken away.

We perceive, therefore, that not only does this petition not charge fraud against defendants, in their response to the inquiry of plaintiffs as to the standing, etc., of Wharton, but it practically justifies an inference in favor of the truth of what was then declared, that is, that Wharton was solvent and honest.

With regard to the second portion of this complaint, it is alleged that after plaintiffs had sold to Wharton a certain bill of goods amounting to $165.77 in value, "Godchaux & Silbernagel went to the store of said Wharton, themselves or by their clerks, agents or employees, and took therefrom, without judicial authority and against the protest of said Wharton, all the goods, wares and merchandise, in said store of Wharton's contained, including the goods sold by petitioners to said Wharton, as aforesaid, and which, to a value of $165.77, was at that (time?) and still remains due and owing and unpaid, notwithstanding amicable demand on said Wharton—that Godchaux & Silbernagel sold the said goods and appropriated the proceeds to their own use, including the goods sold by petitioners to said Wharton, which were and are still unpaid for—and that said Wharton is now and was, owing to the conduct of said Godchaux & Silbernagel, insolvent, and that the conduct of said Godchaux & Silbernagel is and was contrary to good conscience and mercantile honor and law, and they are responsible to petitioners for the full amount of the debt due by said Wharton to petitioners and the proceeds of the goods sold by petitioners to said Wharton and appropriated by said Godchaux & Silbernagel to their own use, being $165.77."

In this part of the petition we find it complained of simply that defendants appropriated these goods "without judicial proceedings and against the protest of said Wharton." Now it does not follow from this allegation that they were acting entirely

without right or without title of any kind, even such as would give rise only to a right to sue in revocation. It may be, so far as the petition is concerned, that defendants were authorized by Wharton to act as they did, and that they were carrying out the terms of their agreement, having no need to resort to judicial process. Nor does the allegation that Wharton protested at the moment of execution exclude the idea that he had not already and upon some previous date accorded this right.

In other words, where a party takes property, as in this case, his act is not unlawful simply because it is done without judicial process, or against the protest of owner, and for no other reason. The plaintiffs in this case should have alleged, in any event, that the conduct of Godchaux & Silbernagel was absolutely without right of any kind.

Nor can the general expression, found towards the close of the petition, that the conduct complained of "is and was contrary to good conscience and mercantile honor and law," in any way cure the defect pointed out. This language is a mere expression of opinion upon the part of the pleader, leaving untouched the fact that the complaint is against defendants for taking the property "without judicial proceedings and against the protest of said Wharton." In the pleader's opinion, this may be enough to constitute a showing of bad faith, etc., but the showing remains *per se* the same, despite this expression of opinion.

But we go further, and maintain that even were it clearly and unmistakably alleged that Godchaux & Silbernagel were at fault for more reasons than simply that they did not resort to judicial process, and that they ignored the protest of Wharton, yet would there be no cause of action.

Except where the law especially provides to the contrary, every man is master of his own affairs, and must enforce his own rights. If it be true that Godchaux & Silbernagel, by illegally appropriating the property of Wharton, caused his failure, the Courts are open to Wharton to seek his remedy. Whatever has been wrongfully or fraudulently done, he has the power to redress by legal proceeding. No creditor has the right to step over the

debtor in such a case, and attack the one that has wronged him. The remedy accorded by law to the creditor is to sue the debtor, and, judgment obtained, to subject this claim for redress to the satisfaction of his writ. To recognize the right of the individual creditors of Wharton to institute such a suit as this, might be to compel defendants to litigate with several creditors instead of with Wharton, with whom alone they had dealt; would be to deprive Wharton of dominion over his own property and assets, without any adjudication against him in bankruptcy proceedings, or insolvency.

It will be observed that this case, as disclosed in the petition, is very different from one in which a third person fraudulently participates *with the debtor* in concealing or making way with property which is mortgaged or affected in any way in favor of some creditor. In such a case, the malice is directed particularly by both offenders against the creditor himself, and the wrong, likewise, is particularly directed against him. So the fact is, that the *debtor is doing a wrong*, and the third person, by making himself an accomplice of that wrong, becomes liable also and *in solido*, under the provisions of Art. 2324 of the Civil Code.

Rehearing refused.